IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FORREST SCOTT SMART, | CV 15-00087-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| LEROY KIRKEGARD, et al., | |
| Defendants. | |

Plaintiff Forrest Smart filed a Complaint pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights during his incarceration at Montana State Prison ("MSP") and at the Department of Corrections Lewistown Infirmary. (Doc. 2.) Pursuant to the screening mandated by 28 U.S.C. §§ 1915 and 1915A, the undersigned issued an Order on April 4, 2016, finding that of all the claims Mr. Smart raised in the Complaint only Mr. Smart's claims against Defendants Fraiser and Foster regarding maintenance work done on August 14, 2014, stated a claim. (Doc. 8.) Mr. Smart was given an opportunity to amend his Complaint. (Doc. 8.) On June 13, 2016, Mr. Smart filed a notice indicating that he wished to proceed only on the August 14, 2014 maintenance work claims. (Doc. 13.)

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may

dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1)(A)(ii).  Unless the notice states otherwise, the dismissal is without prejudice.  Fed.R.Civ.P. 41(a)(1)(B).  Accordingly, the Court will recommend that Count I (maintenance work on August 12, 2014 claims) and Count III (Lewiston Infirmary medical care claims) be dismissed without prejudice.

The Court has considered whether Mr. Smart's claims regarding maintenance work on August 14, 2014, against Defendants Fraiser and Foster are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Mr. Smart has set forth sufficient facts to state a claim that Defendants Fraiser and Foster knew of and disregarded a substantial risk of serious harm to Mr. Smart.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  The Court has also considered whether Mr. Smart has a reasonable opportunity to prevail on the merits of this claim.  *See* 42 U.S.C. § 1997e(g).  Dismissal is not appropriate at this time.  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has

2

made a preliminary determination based on the face on the pleading alone that

plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is

required to respond).

Defendants Fraiser and Foster will be required to respond to this claim.

Based on the foregoing, the Court issues the following:

**ORDER**

1.  Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Fraiser and

Foster waive service of summons by executing, or having counsel execute, the

Waiver of Service of Summons.  The Waiver must be returned to the Court within

**30 days of the entry date reflected on the Notice of Electronic Filing**.  If

Defendants Fraiser and Foster choose to return the Waiver of Service of Summons,

the answer or an appropriate motion regarding Count II only will be due within 60

days after the entry date reflected on the Notice of Electronic Filing for this Order,

pursuant to Fed.R.Civ.P. 12(a)(1)(B).[1]  *See* 42 U.S.C. § 1997e(g)(2) (while

Defendants may occasionally be permitted to "waive the right to reply to any

---

[1] In light of the recommendation that Defendants Kirkegard, Beeson, Strutzel, Doe 1, Doe 2, Herman, McMahon, Redfern, Kremer, and Hart be dismissed, they are not required to file a waiver or responsive pleading at this time. Similarly, Defendants Fraiser and Foster are not required to respond to Count I or Count III in their responsive pleading as those claims are recommended for dismissal.

action brought by a prisoner confined in any jail, prison, or other correctional

facility under section 1983," once the Court has conducted its sua sponte screening

pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a

preliminary determination based on the face on the pleading alone that plaintiff has

a "reasonable opportunity to prevail on the merits," Defendant is required to

respond).

   2.  The Clerk of Court shall e-mail the following documents to Legal

Counsel for the Montana Department of Corrections:

   *  Complaint (Doc. 2);
   *  Order dated April 4, 2016 (Doc. 8);
   *  Notice to the Court (Doc. 13);
   *  this Order;
   *  a Notice of Lawsuit & Request to Waive Service of Summons; and
   *  a Waiver of Service of Summons.

   Counsel for the Montana Department of Corrections will not be served with

a hard copy of these documents.

   3.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to

give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in letter form.

4.  Mr. Smart <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5.  At all times during the pendency of this action, Mr. Smart must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Defendants Kirkegard, Beeson, Strutzel, Doe 1, Doe 2, Herman, McMahon, Redfern, Kremer, and Hart should be **DISMISSED**.

2.  Counts I and III of the Complaint (Doc. 2) should be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smart may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure

---

[2]  As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 17th day of June, 2016.

      /s/ John Johnston
John Johnston
United States Magistrate Judge

---

(3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FORREST SCOTT SMART, | CV 15-00087-H-DLC-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| LEROY KIRKEGARD, et al., | |
| Defendants. | |

To:    Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above.  A copy of the Complaint is attached.

This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see

1

the date below) to answer the Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 17th day of June, 2016.


      /s/ John Johnston
John Johnston
United States Magistrate Judge

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FORREST SCOTT SMART, | CV 15-00087-H-DLC-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver Service of Summons |
| LEROY KIRKEGARD, et al., | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;      _____;

The above-named Defendants understands that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

1

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)

2